IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCINE M. MEHALSHICK,** : | **CIVIL NO. 1:12-0139** |
| **Plaintiff** : | |
| : | **(Judge Rambo)** |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **CAROLYN W. COLVIN, Acting** : | |
| **Commissioner of Social Security,** : | |
| : | |
| **Defendant** : | |

**M E M O R A N D U M**

Before the court is a December 2, 2013, report and recommendation (Doc. 17) of the magistrate judge to whom this matter was referred in which he recommends that the decision of the Commissioner of Social Security, denying Plaintiff Francine M. Mehalshick's overpayment waiver request, be affirmed. Plaintiff has filed objections to the report and recommendation (Doc. 18) in which she objects to the magistrate judge's finding that substantial evidence supported the determination of the Commissioner that Mehalshick was not entitled to a waiver of recovery of an overpayment of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401-433. This court ordered the Commissioner to respond to these objections and to specifically address whether the overpayment would defeat the purpose of Title II or would be against equity and good conscience. The Commissioner complied with the order (Doc. 21) and the matter is ripe for disposition.

Mehalshick applied for social security disability benefits on March 5, 1997. On May 26, 1998, an administrative law judge (ALJ) issued a favorable decision finding that Mehalshick was disabled and entitled to social security disability

benefits beginning on January 28, 1997.  (TR at 206-215.)  In February of 1999, Mehalshick returned to work at the United States Postal Service on a trial basis.  She was entitled to engage in trial employment for nine months.[1]  When this trial period expired Mehalshick continued to work at the post office while continuing to receive disability payments.  Payments continued for several years while she was gainfully employed.

A notice of disability cessation dated November 26, 2001 was sent to Mehalshick advising her that benefits would end in January 2002.  On April 10, 2003, the agency notified Mehalshick that her disability had ended as of November 1999.  (TR at 119-121.)

On July 26, 2003, the agency notified Mehalshick that she had been overpaid approximately $45,030.70 in benefits and directed her to refund said amount.  (TR at 50.)  Mehalshick requested a waiver of the refund.  A hearing was held on February 5, 2009 concerning the request for waiver of the overpayment refund.  As a result of that hearing, the ALJ found that Mehalshick was not without fault in accepting the overpayment of benefits and that waiver of the overpayment could not be waived.  The appeals council denied her request for review.  The appeal to this court followed.

Some of the evidence that the Commissioner relied on in making the determination that Mehalshick was not entitled to a waiver of the overpayment is as follows: (1) she knew that her trial work period could only last nine months (TR at 23); (2) she continued to work while knowingly receiving disability payments (TR at 231-232); (3) she received notice that her disability ended as of November 1999 (TR at 119-121); (4) she received notice that she no longer qualified as being disabled (TR

---

[1] 20 C.F.R. § 404.1592(a).

at 34-35); (5) she admitted she received termination notices (TR at 232); and (6) upon inquiry as to what steps she took to cease overpayment, she responded, "I just didn't do anything about it" (TR at 233). Based on the foregoing, the magistrate judge recommended that the ALJ's determination that Mehalshick was not entitled to a waiver of recovery of overpayment of disability be affirmed.

In Mehalshick's objections to the report and recommendation, she sets forth the argument that not granting her request for a waiver would defeat the purpose of Title II, and would be against equity and good conscience and that the magistrate judge failed to address this argument. The Commissioner has responded to this objection.

The pertinent part of the statute that provides for waiver of recovery of overpayment states:

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience.

Title 42 U.S.C. § 404(b). Under this provision, the United States cannot recover overpayments from any person unless that person is without fault. Once it is determined that the recipient is at fault, the criteria that recovery of overpayment would defeat the purpose of the act or be against equity and good conscience, does not get considered. *Lang v. Sullivan*, 762 F. Supp 628, 631 (D.N.J. 1991), *aff'd sub nom., Land v. Dept. of Health and Human Servs.*, 947 F.2d 936 (3d Cir. 1991).

The ALJ and the magistrate judge found that Mehalshick was not without fault, hence consideration of her argument that recovery of overpayment would defeat the purpose of Title II or would be against equity and good conscience will not be considered. The report and recommendation of the magistrate judge will be adopted. An appropriate order will be issued.

        s/Sylvia H. Rambo
        United States District Judge

Dated: February 21, 2014.